**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

**\* \* \***

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.: 2:08-cr-048-RLH-RJJ |
| | ) | |
| Plaintiff, | ) | **O R D E R** |
| | ) | |
| vs. | ) | (Emergency Motion for Production - #61) |
| | ) | |
| JOHN A. HUDSON, | ) | |
| | ) | |
| Defendant. | ) | |

      Before the Court is Defendant Hudson's **Emergency Motion for the Production of Progress Notes, Chronologies, Search Plan and other Requested Documents** (#61, filed February 25, 2016). Expedited treatment was requested. The Court has given the motion all the expedition it deserves. The hearing on the Petition for Violations is set for March 28, 2016. The United States filed its Response (#62) on March 9, 2016. Defendant's Reply (#63) was filed Thursday, March 10, 2016. The Court was out of the District on Friday, March 11, 2016, attending a family wedding. The motion is being addressed today, Monday, March 14, 2016.

      The Court has reviewed the moving papers and the relevant case and rule citations provided and otherwise considered the matter carefully. Having done so, the Court finds the motion to be without merit and that its true purpose appears obfuscated.

**FACTS**

      This matter arises from a Petition for Summons for Offender Under Supervision executed against the Defendant on January 25, 2016. The summons was issued by the Court the following day.

AO 72
(Rev. 8/82)

The Petition asserts five violations of the conditions of Defendant's supervised release.  The violations revolve around the discovery of a Derringer pistol, loaded with two rounds of ammunition, and a 6-inch blade knife in Defendant's possession; and failure to submit truthful and complete written reports or truthfully answer inquiries by the Probation Office about vehicles owned, possessed or used.  As explained in the Summary in Support of Petition for Summons, the Probation Office received information from a Confidential Source (CS) that Defendant was dealing in drugs, possessed a firearm and was driving a white Cadillac.  Upon investigation, the Probation Office discovered not one, but two vehicles registered to Defendant's address which he had not disclosed to the Probation Office.  Based upon the information of the CS and the corroboration by the Probation Office, a search was conducted of Defendant's residence which revealed the Derringer in a sock in his bedroom and a knife in an unlocked safe in his closet.  ATF was notified.  They sent agents to the scene and photographs were taken.

**DEFENDANT'S CRIMINAL HISTORY**

In 1989, when Defendant was 17, he was convicted of possession of a .38 caliber revolver (the same caliber as the Derringer at issue here).  In December 1990 he was arrested and ultimately convicted of Robbery in the First Degree and Assault in the First Degree, being charged with robbing and attempting to kill or cause serious injury to the victim by kicking, beating and pistol-whipping the victim.  In October of 1996 he was charged with Carrying a Concealed Weapon, as well as being a Felon in Possession of a Firearm.  Again in May 2000 and in January 2002, he was arrested for Felon in Possession of Concealed Firearm.

He is presently on supervised release for a conviction in this Court, in 2009, for Distribution of a Controlled Substance, for which he served 60 months.  The supervision in this case began February 26, 2014, with a term of five years.

**DISCUSSION**

The Probation Office has provided to Defendant, (1) pictures taken at the location of the search; (2) Defendant's monthly supervision reports; a Department of Motor Vehicles

1  inquiry; and, of course, the Petition which includes the charges, a summary of the facts, the
2  judgment (which includes the conditions of supervised release).  The United States has supplied
3  Defendant the same information and documents, plus a narrative of the search, an ATF Report of
4  Investigation (ROI), and a nexus determination completed by the ATF.
5        What Defendant demands, however, is the identity of the CS.  The demand is
6  cloaked by demands for the Probation Officer's Progress Notes, Chronologies, any search plan by
7  Probation, statements by any witnesses to be called to testify; records of all home visits or searches
8  undertaken prior to this search, the precise information received from or about the CS, and any and
9  all reports and/or communications between any agencies that were participating in this search and
10 any information concerning the confidential source.  The argued justification for these demands is
11 that the Defendant needs to test the reliability of the Confidential Source and the reasonableness of
12 the search.
13       The intensity and multifaceted nature of this effort to identify the CS raises red
14 flags in the minds of the Court as to Defendant's motive to discover who ratted him out.  The
15 purported goal is to enable Defendant to test the reliability of the CS and the reasonableness of the
16 search.  The Court reminds the Defendant that this is not a challenge to a search warrant, nor is the
17 Probation Officer required to meet the requirements of a search warrant in order to conduct a
18 search where the Defendant has already agreed to searches without a search warrant to ensure
19 compliance with the conditions of his release.  All that is required here is for the Probation Office
20 to have a reasonable suspicion.  With some of the CS's information corroborated and confirmed by
21 the discovery of the vehicles in Defendant's driveway, the Court finds that the Probation Office
22 was reasonable in determining that a further search of the residence was in order to determine if
23 the other information was accurate as well.
24       Furthermore, Defendant fails to demonstrate how any of the documents he requests
25 are material or relevant to the hearing or would demonstrate whether the search was in accord with
26 the Court's search clause.  In addition, none of the cases or statutes cited by Defendant supports

3

AO 72
(Rev. 8/82)

his demand for or right to the information he demands. None of them addresses the issues or demands made in this case.

### DEFENDANT'S CLAIMED CASE LAW SUPPORT

The Court has no argument with the general proposition or the law that provides minimal due process rights in parole or supervised release hearings. The Court recognizes that there are obligations by the United States to disclose "evidence" against a person or evidence that is materially exculpatory. The Court recognizes that statements of witnesses (who will testify) must be provided to a defendant, although there is no requirement that it be required prior to the witness testifying. The Court is also aware that it must disclose to a defendant any material facts it receives, *and upon which it relies*, and which is not otherwise disclosed to the defendant, when it sentences a defendant.

However, the arguments made here, and the information sought here goes beyond what the statutes, rules, and cases require. A simple review of the cases upon which Defendant bases his argument reveals this somewhat disingenuous effort to wrest the law.

For example, in *United States v. Martin*, 984 F.2d 308 (9th Cir. 1993), which Defendant uses to suggest that all information regarding a person must be disclosed, the issue had nothing to do with a confidential source or informant, or the identity or credibility or reliability of the same. There was no issue of disclosure of the records of the Probation Office. Nor was there an issue of the basis for a search, In *Martin*, the Court was reversed because it refused to permit the defendant there to retest the drugs when, at the hearing, the Probation Officer knew nothing of the test, its reliability, or its methods, conducted by an independent laboratory.

In *United States v. Quiroz*, 374 F.3d 682 (8th Cir. 2004), the District Court was affirmed when it held that the government's failure to provide various reports prior to a revocation hearing did not violate *Brady* requirements. It is noted that the reports may have been provided to that defendant's prior counsel, but had not been requested by present counsel. In addition, the report in question had been prepared by the arresting officer, not the probation officer, although

AO 72
(Rev. 8/82)

1   the probation officer had received a copy of it. Defendant also claimed that he had not seen the

2   violation report. In this case the violation report as well as the report from ATF have been

3   provided to Defendant. The court in *Quiroz* found that that defendant failed to meet the threshold

4   necessary to establish a *Brady* violation or that the evidence might be favorable.

5         In *United States v. Gonzales*, 765 F.2d 1393 (9th Cir. 1985), Defendant argues that it

6   has the right to know if the Court has been told the identity of the CS or given any other

7   information about the person beyond what is stated in the Petition, and the right for that

8   information to be disclosed to him. Defendant completely misconstrues *Gonzales*. In that case

9   part of the Presentence Report, which the Court received, and which was not disclosed to the

10   Defendant, was used at sentencing. The Circuit Court affirmed the District Court and held that the

11   District Court did not improperly rely on challenged information in the presentence report, nor did

12   he abuse his discretion in refusing to order an evidentiary hearing into the substance of ex-parte

13   contacts between the District Court, parole officer and sentencing counsel. The issue was, whether

14   the Court used information about the defendant's sex offender treatment in its sentencing. The

15   defendant was on notice that the Court knew of the sex offender treatment. This was a sentencing,

16   not a supervised release conditions violation. Finally, the issue was whether the District Court

17   relied upon any "factual" information which had not been disclosed to the defendant. If it is of any

18   solace to Defendant here, this Court has no factual information except what is provided in the

19   moving papers.

20         Finally, in *United States v. Lara*, ____F.3d ____ 2106 WL 828100, which

21   Defendant cites in his Reply, the issues are totally irrelevant and foreign to the issues presented by

22   Defendant Hudson. Although that case involved a defendant on probation, it involved the

23   suspicionless search of a cellphone's contents. There was no issue of reasonableness. The

24   probation officer made no effort to argue that he had a suspicion, reasonable or otherwise. The

25   issue was the expectation of privacy. The discussion was based upon the fact that a cellphone's

26   contents reaches out to documents and information beyond the boundaries of the search. There

AO 72
(Rev. 8/82)

was no issue of divulging a probation officer's file, notes, or reports, or the identity of a confidential source. The case is entirely inapposite. In addition, that case involved a defendant which did *not* have a history of violence. Here, Mr. Hudson has a history, including conviction, of violence and potential for violence, with repeated arrests for being a Felon in Possession of a Firearm.

## CONCLUSION

Based upon the foregoing, Defendant has failed to demonstrate either a need for, or a right to, the identity of the Confidential Source who provided the Probation Office information leading to its investigation and ultimate search of his residence; or the Probation Officer's Progress Notes, or Chronologies, prior to the hearing. While Defendant may cross-examine witnesses at the hearing, whether there are any relevant or material documents which must be disclosed at the hearing, will be determined by the Court at that time.

IT IS THEREFORE ORDERED that Defendant Hudson's **Emergency Motion for the Production of Progress Notes, Chronologies, Search Plan and other Requested Documents** (#61) is DENIED.

Dated: March 14, 2016

_____
**ROGER L. HUNT
United States District Judge**