2

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,, ) | | Case No. 2:08-cr-0048-RLH-RJJ |
| Plaintiff, ) | | |
| ) | | **ORDER** |
| ) | | |
| JOHN A. HUDSON, ) | | (Motion for Release Pending Appeal–#88 |
| Defendant. ) | | |

Before the Court is Defendant's **Motion for Release on Personal Recognizance Bond Pending Appeal** (EFC No. 88, filed July 1, 2016), the Government's Response (EFC No. 91, filed July 13, 2016), and Defendant's Reply (EFC No. 92, filed July 15, 2016).

The Court denied a prior oral motion seeking the same relief. The Court will again deny the motion and will memorialize its reasons hereafter.

FACTS

The facts of this case are known by the parties, although often misrepresented. Essentially, on the basis of information from a Confidential Informant (CI) (who always remained unidentified, although everyone appears to have known her identity), a Petition was filed by the Department of Probation, charging violations of Defendant's conditions of supervised release. That petition was withdrawn upon the recommendation of the Court after a telephone conversation by the Court with representatives of the United States Attorney's Office and the Federal Public Defender's Office. Subsequently, a second Petition was filed, following further conversation with the CI and a visit by the Probation Officer and a subsequent search of the residence.

The information received from the CI claimed that Defendant Hudson was selling drugs, that he possessed a firearm, and that he was driving a vehicle that he had failed to report to Probation.

The home visit confirmed the information about the vehicle. The search recovered a loaded .45 Derringer firearm and a knife characterized as a military or hunting knife (not a common kitchen knife).

## ISSUES

Defendant attempts to confuse the issues on appeal with the issues relevant to the Motion for Release Pending Appeal. Many of the arguments by Defendant addresses the issues on appeal. The Court recognizes that the issues are related and that they must be discussed, however, they should not be confused. For example, Defendant, in arguing there is insufficient evidence to find the violation, asserts there is "no direct evidence Mr. Hudson possessed the items found in his closet." (Reply, page 6, lines 23-24). This argument may address the sufficiency of the evidence, but it does not address the likelihood that this Court decision will be reversed on appeal. It totally ignores the law which is clear that "circumstantial evidence," if believed can be given the same weight as "direct evidence."

In arguing Defendant's second basis for the motion, *i.e.,* that the Court erred in withholding the probation department's chronological record from Defendant, Defendant spends his entire time arguing that the withholding of the (entire) Chronological Record by the Court presents a "fairly debatable, substantial appellate issue." Defendant entirely ignores the rest of the requirement as it relates to a motion for release pending appeal. That requirement is that the "substantial question of law or fact" raised by the Defendant is **"likely"** to result in reversal.

The Court will not attempt to address all the issues and arguments presented by Defendant in this Order, many are arguments the Circuit Court will need to address in the appeal and to which the Government's Response to this Motion provides sufficient rebuttal. However, the Government's Response accurately addresses Defendant's claims and the Court incorporates them hereat, *in haec verba*.

## DISCUSSION

The law clearly puts the burden upon the Defendant when he seeks release following conviction and pending appeal. The law provides that the Court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an

appeal or a petition for a writ of certiorari, be **detained**" unless the Court makes specific findings. 18 U.S.C. § 3143(b)(1) (emphasis added).

The Court may release a defendant pending appeal *only if* it finds:

>    (A)   by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3242 (b) or (c) of this title; **and**
>
>    (B)   that the appeal is not for the purpose of delay and *raises a substantial question of law or fact **likely** to result in*–
>    (I) reversal
>    * * * *

18 U.S.C. § 3143(b)(1) (emphasis added). *United States v. Garcia,* 340 F.3d 1013, 1015 (9th Cir. 2003). This statute creates a presumption against post-conviction release and places the burden of meeting the criteria squarely on the Defendant. *United States v. Wheeler*, 795 F.2d 839, 840 (9th Cir. 1986), and it is a heavy burden. *United States v. Gerald N.*, 900 F.2d 189, 191 (9th Cir. 1990).

The Court will now address it finds that Defendant fails to meet the burden of showing a likelihood of reversal.

I.   WITHHOLDING OF THE PROBATION DEPARTMENT'S CHRONOLOGIES

It his Reply, Defendant backs off from and misrepresents the facts, by claiming that he did not demand all the Chronos, but only to certain ones. That is contrary to the record. It is contrary to the repeated demands of Defendant's counsel before, during and after the hearing. It is contrary to the repeated demands that the Court recuse itself because of its refusal to do so or claims that by doing so the Court was prejudiced against the Defendant and had already made its mind about the facts.

The Court is aware of the Defendant's right to confront witnesses and to obtain statements by a witness which relate to the witness's testimony. The Court carefully reviewed, in camera, the Chronos during the cross-examination of the witnesses and made copies of relevant and necessary portions and provided them to Defendant's counsel during the cross-examination. It also permitted a great deal of leeway to counsel both in time and subject in the cross-examination, causing a hearing that should have concluded in one-half day, to take the better part of two days.

It became clear to the Court that the Defendant was not so interested in obtaining information upon which to cross-examine the witnesses, but was intent on finding something with which to

embarrass the Probation Department on its procedures.  There has never been any showing of what the relevance is of whether the Probation Officer knew or did not know the name of Defendant's wife.

It is also clear that Defendant has presented nothing to this Court, now that it has had released to him copies of all the Chronologies for the purposes of appeal, identifying any specific fact or entry which could have been used to further extend or exhaust the Defendant's cross-examination of the witnesses, or which contradicted the testimony of the witnesses, or which would have impeached the witnesses.

II.  REASONABLE BASIS FOR THE SEARCH AND SUFFICIENCY OF THE EVIDENCE

One of the arguments or points pursued by the Defendant was that the CI was the former wife of the Defendant, and that the second conversation with her occurred following Defendant's filing for divorce.  The argument appears to have been that the CI was just seeking vengeance and had an axe to grind, and therefore, her statements could not be trusted.  Here is where Defendant leaps from argument for the motion to argument on appeal, claiming that until the search there was no one but the CI who claimed to have seen the firearm.

Defendant's argument ignores (1) the fact that whether the Probation Officer knew of the filing of the divorce or not is not dispositive of whether she was believable, and (2) that other facts she presented were confirmed (by the Officer observing the unreported vehicle at his residence and the subsequent records check to confirm it was registered to him) by the Officer's visit to the home.  To justify a warrantless search of someone under supervised release, who had agreed to such a warrantless search there only needs to be a reasonable suspicion.  This Court found that the information supplied by the CI, one specific item of which was confirmed, and there being no alternative to verifying the rest of the information absent a search, justified the search.  Probation Officers must rely on such information on a daily basis.  To require the officer to meet the burden of probable cause would be to eviscerate the ability of probation officers to perform their duties for the Court.

The second prong of that argument, and a subject about which Defendant's counsel cross-examined extensively, is that there was insufficient proof that the weapons found were in his

constructive possession. However, the testimony was that he was residing in the residence, that his clothes were in that closet, that other items (such as the Social Security records of his children) were also found in that closet, and the Defendant's own argument acknowledges that the items were "found in his closet." (Reply page 6, line 24). Counsel's extensive cross-examination of the officers involved as to who was where and who saw what, and whether the sock in which the firearm was found was a man's sock or not, does not contradict the more than sufficient evidence that the firearm was found in his residence, secreted in his closet, and thus he had constructive possession of it in violation of the law and, more important, of his conditions of supervised release.

## CONCLUSION

Defendant has failed to demonstrate, even after disclosure of all the Chronologies, how or why he needed disclosure of all the Chronologies during the hearing, or that those portions produced by the Court or the Probation Officer or the U.S. Attorney were not sufficient to properly confront the witnesses and that he was prejudiced in any way by the failure of the Court to yield to his demand for all the Chronologies.

Defendant has also failed to demonstrate that the search was unreasonable, or that a finding of constructive possession of the firearm and knife was in error.

Accordingly, Defendant has failed to demonstrate that it is "likely" that his appeal will likely result in a reversal.

IT IS THEREFORE ORDERED that Defendant's **Motion for Release on Personal Recognizance Bond Pending Appeal** (EFC No. 88) is DENIED.

Dated: July 18, 2016.

_____
**Roger L. Hunt**
**United States District Judge**